Sanders, J.
This is an action alleging a violation of the Massachusetts wiretap statute, G.L.c. 272, §99. Plaintiffs contend that the defendants participated in the illegal tape recording of two workshops sponsored by the Gay, Lesbian and Straight Education Network on March 25, 2000. As an affirmative defense, the defendants assert that their actions are protected by the First Amendment. The matter is now before the Court because defendant Brian Camenker has refused to answer questions at his deposition concerning his knowledge of or participation in the tape recording of the workshops (which defendant Scott Whiteman has already admitted to doing). The plaintiffs seek an order striking Camenker’s affirmative defense or in the alternative compelling his deposition testimony. This Court concludes that the Motion must be Allowed, for the following reasons.
In Bartnicki v. Vopper, 532 U.S. 514 (2001), the United States Supreme Court held that, in the circumstances before it, the application of federal and state statutes prohibiting wiretapping violated the defendants’ First Amendment rights. That holding was based on two critical factual assumptions: 1) that the defendants (who distributed the contents of the illegal recordings) had themselves obtained the recordings by lawful means; and 2) that they had played no part in the illegal interceptions, even though they either knew or had reason to know that the interceptions were unlawful. The Court reasoned that the wiretapping laws were content-neutral in that they singled out communications not by virtue of their subject matter but rather by virtue of their source — that is, based on the fact that they were illegally intercepted. On the other hand, the statutory prohibition against disclosing such illegally acquired information is a regulation of speech. Such regulation cannot be constitutionally *539 justified if the publisher or distributor of the illegally obtained information himself did nothing illegal, either in acquiring the information in the first place or in assisting in the unlawful act of interception.
In the instant case, defendant Camenker has admitted to disclosing the tape recordings at issue to others, thus entitling him to raise a First Amendment defense. But he has refused to answer any questions about his knowledge of or role in planning or participating in the taping of the workshops, claiming a Fifth Amendment privilege. Camenker cannot, however, assert that his conduct is constitutionally protected under the First Amendment and, at the same time, use the Fifth Amendment so as to prevent inquiiy into facts directly relevant to the assertion of the defense itself. See Rubenstein v. Kleven, 150 F.Sup. 47, 48 (D.Mass. 1957) (Aldrich, J.) (a party “cannot remain aloof, asking the jury to find that such acts occurred, and at the same time, claim a privilege against self incrimination on cross examination”). Camenker’s knowledge of and involvement in the tape recordings of the two workshops are critical to his being able to successfully assert the First Amendment defense which Bartnicki recognizes. In order to determine if the affirmative defense has any viability, the plaintiffs must be able to question the defendant on these matters.
Camenker argues that he should not be required to choose between two constitutional rights. As the First Circuit stated in Serafino v. Hasbro, Inc., 82 F.3d 515, 518 (1st Cir. 1996), however, there may indeed be circumstances where a party’s Fifth Amendment interests must yield in order to ensure that the opposing party is not unduly disadvantaged: “(w]e think that in the civil context where, systemically, the parties are on a somewhat equal footing, one party’s assertion of his constitutional right should not obliterate another party’s right to a fair proceeding.” The First Circuit went on to outline the balancing test a court should apply, holding that the Fifth Amendment privilege must give way in a civil case if the opposing party has a substantial need for the information subject to the privilege and there is no other less effective means of obtaining it. Applying that balancing test to the instant case, I concludé that this is precisely the kind of situation where fairness requires that Camenker make a choice: either he answers questions about his involvement in the tape recordings or he must give up his First Amendment defense, since the information which is the subject of those questions is both critical to the invocation of the affirmative defense and cannot be obtained by the plaintiffs by any other means.
Camenker contends that Serqftno and cases similar to it are limited to situations where the plaintiff is invoking a self incrimination privilege, and should not be applied to the instant case, where Camenker, as a defendant, seeks only to protect himself from liabiliiy. This Court does not read those cases so narrowly, however. Indeed, a court’s principal concern is that the Fifth Amendment not be wielded in such a way as to deprive a party of a fair hearing. To allow Camenker to wrap himself in the protections of the First Amendment and yet refuse to provide the information necessary to determine whether he is entitled to do so would be unfair indeed.
Finally, the issues before the Court on the instant motion were not resolved by a prior decision of this Court (Lopez, J.) dated May 4, 2001. That decision dealt only with whether Camenker had waived his Fifth Amendment privilege by answering certain questions at his deposition while declining to answer others; the Court found no waiver. The Court was not then confronted with the question of whether Camenker could assert the privilege at the same time that he claimed the First Amendment as an affirmative defense. I therefore find nothing inconsistent with the conclusions reached today and those reached two years ago by another judge.
CONCLUSION AND ORDER
Accordingly, the plaintiffs’ Motion is ALLOWED, and it is hereby ORDERED that Camenker appear again for deposition and provide full and complete answers to all questions relating to his knowledge of or role in planning or organizing the tape recording of the two workshops at issue in this case. If Camenker fails to do so, or continues to claim a Fifth Amendment privilege, then it is further ORDERED that his affirmative defense alleging that his conduct is protected by the First Amendment be stricken. This Court DENIES plaintiffs’ request that Camenker bear the costs of his renewed deposition or the deposition that took place on February 4, 2003.